| Hamblen County Circuit Court<br>510 Allison Street<br>Morristown, TN 37814<br>(423)586-5640 | **STATE OF TENNESSEE**<br>**CIVIL SUMMONS**<br>page 1 of 1 | Case Number<br>32CC1-2021-CV-123 |
|---|---|---|
| Karen Arwood (et. al) vs Hamblen County TN Government (et. al) |||

| Served On: | Hamblen County Mayor Bill Brittain |
|---|---|
| Hamblen County TN Government | |

You are hereby summoned to defend a civil action filed against you in Hamblen County Circuit Court, Hamblen County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the required date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 10/25/2021

_Clerk / Deputy Clerk – Hamblen County Circuit Court_

Attorney for Plaintiff: Michael Craig Grubbs

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA §26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to execute it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to  Teresa West, Hamblen County Circuit Court Clerk, Hamblen County
510 Allison Street
Morristown, TN 37814

### CERTIFICATION (IF APPLICABLE)

I, Teresa West, Hamblen County Circuit Court Clerk of Hamblen County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_Clerk / Deputy Clerk – Hamblen County Circuit Court_

OFFICER'S RETURN: Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows:

Date: _____    By: _____
Please Print: Officer, Title

Agency Address    Signature

RETURN ON SERVICE OF SUMMONS BY MAIL: I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires_____)

Signature of Plaintiff    Plaintiff's Attorney (or Person Authorized to Serve Process)

**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call Teresa West, ADA Coordinator, at (423)586-5640*

*Rev. 8/05/10*

## IN THE CIRCUIT COURT FOR HAMBLEN COUNTY, TENNESSEE

KAREN ARWOOD, MELISSA BELLEW,  )
BONNIE BULLINGTON, EDNA GREENE  )
GWEN HOLDEN, BARBARA LOCKHART and  )
LINDA NOE  )
)
    Plaintiffs  )
)
v.  )  Docket No. 21CV123
)
HAMBLEN COUNTY TN GOVERNMENT,  )  TERESA WEST
HAMBLEN COUNTY LEGISLATIVE BODY, and  )  CIRCUIT COURT CLERK
HOWARD SHIPLEY in his official capacity  )  HAMBLEN COUNTY
as Chairman of the Hamblen County Legislative Body  )  OCT 2 2 2021
)
    Defendants.  )  By_____

## COMPLAINT

Plaintiffs Karen Arwood, Melissa Bellew, Bonnie Bullington, Edna Greene, Gwen Holden, Barbara Lockhart, and Linda Noe, by and through undersigned counsel, bring this Complaint for violation of their rights under the United States Constitution against Defendants Hamblen County Government, Hamblen County Legislative Body, and Howard Shipley as chairman of the Hamblen County Legislative Body. In support of this Complaint, Plaintiffs allege as follows:

### INTRODUCTION

1. The First Amendment's protection of speech in all forms is vital. This case is about preserving, protecting, and upholding freedom of speech of plaintiffs at government meetings. **On October 22, 2020**, Defendant Howard Shipley ("Shipley") acting through a deputy of the Hamblen County Sheriff's Department, stopped six Plaintiffs at the Courthouse door and demanded that Plaintiffs remove, cover, or turn inside-out the COAG (Citizens for Open and Accountable Government) shirts they were wearing to attend the public meeting of the HCLB.

1

The actions of the Hamblen County Government on October 22, 2020 acting under the direction of Chairman Howard Shipley blatantly violated the First Amendment rights of the Plaintiffs.

**On September 13, 2021**, four of the Plaintiffs attended HCLB committee meetings while wearing a piece of foam on their shirts with a political message concerning the proposed Hamblen County Jail.

As Plaintiff Edna Greene approached the lectern to speak during the public comments portion of the Finance Committee meeting, Shipley interrupted the meeting and demanded that Greene remove what he termed a "placard" before he would allow her to speak. Shipley asked commissioners to indicate by a show of hands whether they thought the piece of foam was a "placard." Nine commissioners raised their hands. Shipley then said he would entertain a motion referring the matter to the county attorney to file a lawsuit against all visitors with a placard around their neck. A roll call vote was taken and the commission voted 9-4 (with one absent) to "refer to the County Attorney a request to file suit with any visitor wishing to address the Committee that would not remove their placard."

The HCLB with Shipley acting as chairman, blatantly violated the First Amendment rights of the four Plaintiffs who were wearing a piece of foam on their shirts with a political message.

## PARTIES

2. Plaintiff Karen Arwood is a citizen and resident of the United States and the State of Tennessee. She currently resides at 1501 Eller Road in Morristown, TN 37814.

3. Plaintiff Melissa Bellew is a citizen and resident of the United States and the State of Tennessee. She predominantly resides at 3728 Halifax Circle in Morristown TN 37813.

4. Plaintiff Bonnie Bullington is a citizen and resident of the United States and the State of Tennessee. She currently resides at 317 Stubblefield Road in Whitesburg, TN.

5. Plaintiff Edna Greene is a citizen and resident of the United States and the State of Tennessee. She currently resides at 4998 Cameron Road in Morristown, TN 37814

6. Plaintiff Gwen Holden is a citizen and resident of the United States and the State of Tennessee. She currently resides at 8150 West Pointe Drive in Talbott TN 37877

7. Plaintiff Barbara Lockhart is a citizen and resident of the United States and the State of Tennessee. She currently resides at 4381 Hibiscus Drive in Morristown, TN 37814

8. Plaintiff Linda Noe is a citizen and resident of the United States and the State of Tennessee. She currently resides at 2343 Joe Stephens Road in Morristown, TN 37814

9. The members of the HCLB are Howard Shipley, Tim Goins, Wayne NeSmith, Randy DeBord, Jeff Akard, Bobby Haun, Thomas Doty, Taylor Ward, Eileen Arnwine, James Stepp, Chris Cutshaw, Tim Horner, Joe Huntsman, and Mike Reed.

10. At all times pertinent and with respect to all matters alleged herein, each of the Defendants acted under color of state law.

## JURISDICTION AND VENUE

11. The cause of action in this case arises under the Constitution and laws of the United States.

12. All events or omissions giving rise to this cause of action occurred in Hamblen County, Tennessee. Jurisdiction and venue are therefore proper in the Circuit Court for Hamblen County, Tennessee.

## STATEMENT OF FACTS

### October 22, 2020 Commission meeting

13. Plaintiffs are politically-active citizens and residents of the State of Tennessee

14. Plaintiffs are members of COAG (Citizens for Open and Accountable Government)

15. COAG is primarily focused on local government matters in Hamblen County,

3

Tennessee, and plaintiffs are among the most active members of COAG.

16. On October 22, 2020, Plaintiffs approached the door to the Hamblen County Courthouse wearing COAG shirts at which time Deputy Harley Kelley told them that they had to remove, cover up, or turn their COAG shirt inside out before they could go upstairs to the HCLB meeting.

17. Deputy Kelley told Plaintiffs that this new rule or requirement regarding COAG shirts came from HCLB Chairman Howard Shipley.

18. After acting as required by Chairman Shipley's directive, Plaintiffs proceeded to the HCLB meeting room as they wanted to speak about the jail issue and jail costs.

19. On or about October 30, 2020 Plaintiff Linda Noe received a letter from Chairman Shipley concerning his actions on October 22, 2020, apologizing for going "too far" with his enforcement of the Commission rule "prohibiting banners, ... in the meeting room."

20. Plaintiffs obtained legal counsel and legal counsel emailed a letter and proposed statement for Shipley to all Hamblen County Commissioners and to Mayor Bill Brittain on November 9, 2020, in which Plaintiffs demanded that the Commission take two actions, *i.e.* (1) Shipley shall read a written statement apologizing for his actions and this statement will be signed and placed in the November 19, 2020 minutes of the County Commission; and (2) County Commission will pass a resolution on November 19, 2020 censuring Shipley or Shipley will resign as Chairman. A "proposed statement" for Mr. Shipley was attached to the letter and email.

21. On November 11, 2020, an email with a proposed censure resolution was emailed to Mayor Brittain and all commissioners.

22. On November 19, 2020, all or most Plaintiffs were present at the HCLB meeting.

23. A few minutes before the November 19, 2020 meeting was to start, Plaintiff Linda

4

Noe was asked to come to the seat from which Shipley presides over Commission meetings.

24. Noe was handed a document and asked to sign a "Release." Noe refused to sign the Release, and no other COAG member signed the Release.

25. Noe went back to her seat, and the meeting began.

26. During the meeting, Shipley read a signed Statement concerning his actions on October 22, 2020 in regard to restrictions on the COAG shirts.

27. Shipley then temporarily stepped down as chairman in order to allow Vice-chairman Tim Goins to preside over the censure of Shipley.

28. The vote to censure Shipley was unanimous with Shipley himself joining in the vote to censure.

## September 13, 2021 Commission meeting

29. On September 13, 2021, four of the Plaintiffs attended HCLB committee meetings and had a piece of foam sewn or pinned on their shirts with a political message on it.
SAVE $30 MILLION
ONE-LEVEL JAIL
RENOVATED JUSTICE CENTER

30. Plaintiff Edna Greene ("Greene") was wearing a piece of foam with the above message on it on September 13. The foam was sewn on her shirt.

31. As Greene approached the lectern to address the finance committee during the public comments, HCLB Chairman Howard Shipley instructed Greene to take off what he called a "placard" if she wanted to speak at the meeting.

32. Greene refused and stated that she did not have a placard around her neck and that the message on her shirt was sewn to the shirt and could not be removed.

33. Shipley then asked the commissioners to raise their hands if they agreed that Greene was wearing a placard.

5

34. Nine commissioners raised their hand.

35. Per the Finance Committee minutes, there was a roll call vote of all commissioners and the vote was 9-4 "to refer to the County Attorney a request to file suit with any visitor wishing to address the committee that would not remove their placard."

36. Greene did not remove her foam/message and made her public comments.

## CAUSES OF ACTION

## CLAIM ONE: Violation of the First and Fourteenth Amendments

37. Plaintiffs re-allege and incorporate by reference all previous allegations.

38. The First Amendment to the United States Constitution provides, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

39. The First Amendment's free-speech guarantee applies to the States through the Fourteenth Amendment. *Gitlow v. New York*, 268 U.S. 652 (1925)

40. Under U.S.C. §1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." At all times and with respect to all matters alleged herein, each of the Defendants was acting under color of state law.

41. The COAG shirts worn by Plaintiffs Arwood, Bellew, Bullington, Greene, Lockhart, and Noe on October 22, 2020, were protected speech and Defendant Shipley deprived Plaintiffs of the First Amendment right of freedom of speech when he used law

enforcement to enforce his order that COAG shirts must be removed, worn inside out, or covered up if a citizen wished to attend the open, public meeting of the County Commission on that day.

42. The pieces of foam worn on or attached to shirts worn by Plaintiffs Bullington, Greene, Holden, and Lockhart on September 13, 2021, with a political message about the proposed Hamblen County jail were unquestionably speech protected by the First Amendment.

43. There is no question that Defendants' demands that Plaintiffs turn shirts inside out or cover them up along with Defendants' demands that Plaintiffs remove the piece of foam/message from their shirts and the vote to file a lawsuit against Plaintiffs are a sufficient "deprivation" to rise to a violation of Plaintiffs' First Amendment by Defendants.

44. Plaintiffs protected speech as expressed on the COAG shirts and by pieces of foam sewn or attached to their shirts with a political message was not only a "motivating factor" behind the demand by Shipley that shirts be removed or turned inside out but was also the "motivating factor" behind the demand by HCLB and Commissioners Shipley and Goins in particular that Plaintiffs remove the foam/message that Defendants labeled a ""placard" and the subsequent vote by HCLB to subject Hamblen County taxpayers and Plaintiffs in particular to a costly lawsuit because of their assertion of the First Amendment rights.

45. The Public Comment Guidelines for Commission Meeting contain no definitions of terms therein. For example, Rule 4 states: "No placards, banners, or signs will be permitted in the County Commission meeting room or in any other room in which the County Commission is meeting."

46. Rule 2 of the Public Comment Guidelines for Commission Meeting states in part: "Any person making personal, impertinent, profane or slanderous remarks or who becomes boisterous while addressing the County Commission or attending the meeting shall be removed

from the room if so directed by the County Commission Chairman."

WHEREFORE, Plaintiffs request the following relief:

1. A declaration that the COAG shirts contain speech protected by the First Amendment and that Defendants' demands that COAG shirts be removed, turned inside out, or covered up prior to allowing Plaintiffs to attend a public meeting of the HCLB violated Plaintiffs' First Amendment rights;

2. Imposition of an injunction prohibiting any future adverse or restrictive action regulating the wearing of COAG shirts at HCLB meetings;

3. A declaration that the foam with a political message worn by Plaintiffs on their shirts is speech protected by the First Amendment.

4. Imposition of an injunction prohibiting any future adverse or restrictive action regulating the wearing of foam or similar materials with a political message about the Hamblen County Jail on shirts worn to HCLB meetings;

5. Nominal damages;

6. Attorney fees; and

7. Such other relief as the Court deems proper.

Respectfully submitted this the 22nd day of October 2021.

*[signature]*

Michael Craig-Grubbs    BPR #33255

Finkelstein, Kern, Steinberg & Cunningham
P.O. Box 1
1810 Ailor Avenue
Knoxville, TN 37901
865-525-0238 (Ext 275)
865-523-5138 (Fax)
www.fksclaw.com

8

# IN THE CIRCUIT COURT FOR HAMBLEN COUNTY, TENNESSEE

**Plaintiffs**
Karen Arwood, Melissa Bellew, Bonnie Bullington,
Edna Greene, Gwen Holden, Barbara Lockhart, and Linda Noe

v.

**Defendants**
Hamblen County TN Government
Hamblen County Legislative Body
Howard Shipley, in his official capacity
as Chairman of the Hamblen County Legislative Body

21 CV 123

TERESA WEST
CIRCUIT COURT CLERK
HAMBLEN COUNTY

OCT 22 2021

By _____

## COST BOND

The undersigned as Principal (Attorney for Plaintiffs) and as Surety (Attorney for the Firm) are held and firmly bound unto the Circuit Court Clerk of Hamblen County, Tennessee for the payment of all costs awarded against the principal. To that end, we bind ourselves, our heirs, executors and administrators.

The Principal(s) is/are commencing legal proceedings in the Circuit Court for Hamblen County, Tennessee. If the Principal(s) shall pay all costs which are adjudged against them, then this obligation is void. If the Principal(s) fail to pay, then the Surety shall undertake to pay all costs adjudged against the Principal(s). Mandated at T.C.A. §20-12-120 *et seq*

_____  PRINCIPALS
Michael Craig-Grubbs, Attorney for Principal(s)

_____  SURETY
Michael Craig-Grubbs, Attorney for the Firm
Finkelstein, Kern, Steinberg & Cunningham
1810 Ailor Avenue
Knoxville, TN 37921

Please make a note:

- Judge assigned to your complaint.
- ORDERS can be sent directly to the Judge for signing. Order MUST contain a stamped envelope addressed to Circuit at 510 Allison Street. This will get order signed faster and more efficiently.
- On some occasions, the Judge will allow you to email their assistant the order. Please contact.
- All materials are scan. Please do not staple unless necessary.

| | | | |
|---|---|---|---|
| Judge Beth Boniface<br>Assistant: Jane McMinn<br><br>Jane.mcminn@tncourts.gov | 2415 N. Davy Crockett Parkway, Suite 2<br>Morristown, TN 37814 | Phone: 423.581.18852<br>Fax: 423.587.0780 | |
| Judge Alex Pearson<br>Assistant: Lisa Lemons<br><br>Lisa.lemons@tncourt.gov | 226 South Depot Street<br>Rogersville, TN 37857 | Phone: 423.293.3360<br>Fax: 423.293.3362 | ✓ |
| Judge William Phillips II<br>Assistant: Melyssa McCracken<br><br>Melyssa.McCracken@tncourts.gov | In transition | Phone: 423.272.7633<br>Fax: | |

Circuit Court Judge Rotation

| | Hamblen | Greene | Hawkins | Hancock |
|---|---|---|---|---|
| January | Phillips | Dugger | Pearson | Boniface |
| February | Pearson | Boniface | Dugger | Phillips |
| March | Dugger | Phillips | Boniface | Pearson |
| April | Boniface | Pearson | Phillips | Dugger |
| May | Phillips | Dugger | Pearson | Boniface |
| June | Pearson | Boniface | Dugger | Phillips |
| July | Dugger | Phillips | Boniface | Pearson |
| August | Boniface | Pearson | Phillips | Dugger |
| September | Phillips | Dugger | Pearson | Boniface |
| October | Pearson | Boniface | Dugger | Phillips |
| November | Dugger | Phillips | Boniface | Pearson |
| December | Boniface | Pearson | Phillips | Dugger |