IN THE UNITED STATE DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KAREN ARWOOD, MELISSA BELLEW, BONNIE BULLINGTON, EDNA GREENE, GWEN HOLDEN, BARBARA LOCKHART, and LINDA NOE,<br><br>    Plaintiffs,<br><br>v.<br><br>HAMBLEN COUNTY GOVERNMENT, HAMBLEN COUNTY LEGISLATIVE BODY, and HOWARD SHIPLEY in his official capacity as Chairman of the Hamblen County Legislative Body,<br><br>    Defendants. | Case No. 3:21-cv-00395 |

## FIRST AMENDED COMPLAINT

COME NOW the Plaintiffs, Karen Arwood, Melissa Bellew, Bonnie Bullington, Edna Greene, Gwen Holden, Barbara Lockhart, and Linda Noe (hereinafter "Plaintiffs"), by and through counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and would amend their Complaint by substituting in its place the following First Amended Complaint in its entirety, alleging causes of action against the Defendants for violation of Plaintiffs' First Amendment rights:

### INTRODUCTION

1. This case seeks to protect and vindicate fundamental constitutional rights. The First Amendment to the United States Constitution provides vital protection to free speech, which this case seeks to preserve, protect, and uphold under the First and Fourteenth Amendments and 42 U.S.C. § 1983 by challenging the Defendants' restriction on Plaintiffs' right to freedom of speech.

1

Defendants engaged in actions, under the color of state law, that operate as a prior restraint on Plaintiffs' speech by prohibiting Plaintiffs from displaying messages at public meetings held and conducted by Defendants based on the content and viewpoint of Plaintiffs' message.

On October 22, 2020, Defendant Howard Shipley, acting through a deputy of the Hamblen County Sheriff's Department, stopped Plaintiffs at the Courthouse door and demanded that Plaintiffs remove, cover, or turn inside-out the "Citizens for Open and Accountable Government," or COAG, shirts that Plaintiffs were wearing in order to attend a public meeting of the Hamblen County Legislative Body. Defendant Hamblen County Government, acting through the Hamblen County Legislative Body, blatantly violated Plaintiffs' First Amendment rights by demanding that Plaintiffs' COAG shirts be removed, turned inside-out, or covered up. Defendant Howard Shipley further violated Plaintiffs' constitutional rights by restricting access to a public meeting based on the content of messages printed on Plaintiffs' respective shirts.

On September 13, 2021, four of the Plaintiffs attended a public meeting of the Hamblen County Legislative Body while wearing a piece of foam sewn on or pinned to their shirts or worn on a ribbon around the neck. These pieces of foam contained this political message:

SAVE $30 MILLION  
ONE-LEVEL JAIL  
RENOVATED JUSTICE CENTER

Before any committee meetings began, Defendant Howard Shipley, acting as Chairman, verbally reviewed some of the Public Comment Guidelines for commission and committee meetings. He then stated that the commission had rules against "placards," specifically that placards are not allowed at commission or committee meetings. He stated that he saw several placards and asked that all "placards" be removed. The four Plaintiffs in attendance refused to remove the piece of foam containing a political message. When the Finance Committee meeting then began, Plaintiff

2

Case 3:21-cv-00395-JEM    Document 7    Filed 12/15/21    Page 2 of 14    PageID #: 23

Edna Greene approached the lectern to speak during the public comments portion of that meeting. Defendant Howard Shipley interrupted the Finance Committee meeting and demanded that Ms. Greene remove what he termed a "placard" before he would allow her to speak. When Ms. Greene refused to remove her "placard" containing a political message, Defendant Shipley asked the commissioners present to indicate by a show of hands whether they thought the piece of foam containing a political message was a "placard." Commissioner Tim Goins asked Deputy Chad Mullins to "escort the young lady…" Deputy Mullins spoke to Ms. Greene but made no move to escort her to her seat or out of the meeting. Commissioner Goins then asked Ms. Greene to remove the "sign" from her neck. Ms. Greene stated that she could not. At that point, Defendant Shipley stated that he would entertain a motion referring the matter to the county attorney to file a lawsuit against all visitors with a placard around their neck. Defendant Shipley stated he had a motion and Commissioner Goings seconded. A roll call was taken and the commission voted 9-4, with one absent, to "refer to the County Attorney a request to file suit with any visitor wishing to address the Committee that would not remove their placard."

These actions by the Hamblen County Legislative Body, with Defendant Shipley acting as Chairman, targeted these Plaintiffs for nothing more than their fully protected speech, and in so doing blatantly violated their First Amendment rights. The Defendants, on both October 22, 2020, and September 13, 2021, sought to prevent Plaintiffs from exercising their clearly established right to criticize their county government.

2. Plaintiffs seek a declaration that Defendants violated their clearly established constitutional rights as set forth in this Complaint; a declaration that Defendants' restriction on Plaintiffs' speech violates the United States Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' free

3

speech restriction as set forth in this Complaint; and nominal damages for the past loss of Plaintiffs' constitutional rights. Plaintiffs also seek an award of reasonable costs of litigation, including attorney's fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## JURISDICTION AND VENUE

3. This case arises under the Constitution of the United States and 42 U.S.C. § 1983.

4. This Court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331 and 1443.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

6. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court. Plaintiffs' claim for nominal damages is authorized by 42 U.S.C. § 1983.

## PARTIES

7. Plaintiff Karen Arwood is a citizen and resident of Hamblen County, Tennessee, residing at 1501 Eller Road, Morristown, Tennessee 37814.

8. Plaintiff Melissa Bellew is a citizen and resident of Hamblen County, Tennessee, residing at 3728 Halifax Circle, Morristown, Tennessee 37813.

9. Plaintiff Bonnie Bullington is a citizen and resident of Hamblen County, Tennessee, residing at 317 Stubblefield Street, Whitesburg, Tennessee 37891.

10. Plaintiff Edna Greene is a citizen and resident of Hamblen County, Tennessee, residing at 4998 Cameron Road, Morristown, Tennessee 37814.

11. Plaintiff Gwen Holden is a citizen and resident of Hamblen County, Tennessee, residing at 8150 West Pointe Drive, Talbott, Tennessee 37877.

12. Plaintiff Barbara Lockhart is a citizen and resident of Hamblen County, Tennessee, residing at 4381 Hibiscus Drive, Morristown, Tennessee 37814.

13. Plaintiff Linda Noe is a citizen and resident of Hamblen County, Tennessee, residing at 2343 Joe Stephens Road, Morristown, Tennessee 37814.

14. Defendant Hamblen County Government is a county government under Title 5 of the Tennessee Code Annotated, and a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

15. Defendant Hamblen County Legislative Body (hereinafter "HCLB") is the legislative unit established for Hamblen County, Tennessee under Title 5 of the Tennessee Code Annotated, and a "person" subject to suit within the meaning of 42 U.S.C. § 1983. The members of HCLB at the times relevant to this action were Howard Shipley, Tim Goins, Wayne NeSmith, Randy DeBord, Jeff Akard, Bobby Haun, Thomas Doty, Taylor Ward, Eileen Arnwine, James Stepp, Chris Cutshaw, Tim Horner, Joe Huntsman, and Mike Reed. At all relevant times, HCLB acted under color of state law.

16. Defendant Howard Shipley is and at all times relevant to this action was the Chairman of HCLB, and at all relevant times acted under color of state law and in his capacity as Chairman of HCLB.

## FACTUAL BACKGROUND

17. Plaintiffs are politically active citizens and residents of Hamblen County, Tennessee.

18. Plaintiffs are members of Citizens for Open and Accountable Government, or COAG, which was formed in the summer of 2020.

5

19. COAG is primarily focused on local government matters in Hamblen County, Tennessee, and Plaintiffs are among the most active members of COAG, attending government meetings, videotaping government meetings, and posting information on the COAG Facebook page about local government.

20. On October 22, 2020, Plaintiffs approached the door to the Hamblen County Courthouse wearing COAG shirts, a photographic depiction of which is attached hereto as **Exhibit A**.

21. When Plaintiffs approached the courthouse door, Deputy Harley Kelley told Plaintiffs that they had to remove, cover up, or turn inside-out their COAG shirts before they could go upstairs to attend the public HCLB meeting.

22. Because Plaintiffs had worn their COAG shirts to previous meetings of the HCLB without any restriction, they asked Deputy Kelley who had directed him to require the removal, covering up, or turning inside-out of Plaintiffs' COAG shirts as a requirement to attend the meeting.

23. Deputy Kelley stated that this new rule or requirement regarding COAG shirts came from HCLB Chairman Howard Shipley.

24. After either covering their shirt with a jacket or turning the shirt inside-out as required by Chairman Shipley's directive, Plaintiffs proceeded to the HCLB meeting room as they wished to attend the meeting to speak about issues with the construction of a jail in Hamblen County and, most importantly, the costs associated with the same.

25. While wearing their shirts inside-out or covering the same with a jacket, all Plaintiffs except one protested the action of Chairman Shipley during public comments at the end of the October 22, 2020 meeting.

6

26. At the October 22, 2020 meeting, Chairman Shipley said nothing about his action or his directive to Deputy Kelley.

27. County Attorney Chris Capps was sitting in the meeting room and said nothing about the action taken by Chairman Shipley regarding the COAG shirts or about Plaintiffs' comments.

28. Hamblen County Mayor Bill Brittain was sitting in the meeting room and said nothing about the action taken by Chairman Shipley regarding the COAG shirts or about Plaintiffs' comments.

29. The thirteen other commissioners of the HCLB present at the meeting said nothing about the action taken by Chairman Shipley.

30. Plaintiffs obtained legal counsel, who on November 9, 2020, emailed a letter and proposed statement for Chairman Shipley to all Hamblen County Commissioners and to Mayor Bill Brittain demanding that the Commission take two actions: (1) Chairman Shipley shall read a written statement apologizing for his actions, with said statement to be signed and placed in the November 19, 2020 minutes of the County Commission; and (2) the County Commission will pass a resolution on November 19, 2020 censuring Chairman Shipley, or Chairman Shipley will resign. A hard copy of this letter was also mailed to Mayor Brittain on November 9, 2020.

31. A "proposed statement" for Chairman Shipley was included with the letter, and the recipients thereof were invited to contact Plaintiffs' counsel if they wished to discuss the matter.

32. On November 11, 2020, an email with a proposed censure resolution was emailed to Mayor Brittain and all Commissioners. It concluded, "If you have any questions, please contact me at your convenience. Thank you."

33. Upon information and belief, neither Mayor Brittain nor Chairman Shipley nor any Commissioner contacted Plaintiffs' counsel to request that any change be made to the proposed statement or to the proposed censure resolution.

34. All or most Plaintiffs were present at the November 19, 2020 public meeting of the HCLB.

35. A few minutes before the November 19, 2020 meeting was to start, Chairman Shipley and/or Mayor Brittain requested that Plaintiff Linda Noe come to the seat from which Chairman Shipley presides over Commission meetings.

36. Ms. Noe was handed a document and asked to sign a "Release." Ms. Noe refused to sign the purported release, and no other Plaintiff signed the release.

37. Ms. Noe went back to her seat, and the meeting began.

38. The agenda for the meeting was amended to allow Chairman Shipley to read a signed statement concerning his actions on October 22, 2020, in regard to his directive that Plaintiffs' shirts could not be worn to the meeting unless they were covered up, removed, or turned inside-out.

39. The agenda on November 19, 2020 was also amended to provide for a vote by the full Commission to state their support for the First Amendment and to censure Chairman Shipley for his unconstitutional actions on October 22, 2020.

40. At the designated point in the amendment agenda, Chairman Shipley read the statement that had been signed and notarized, and the statement was handed to the clerk to place in the minutes of the HCLB. A copy of this statement, as filed in the November 19, 2020 minutes of the HCLB, is attached hereto as **Exhibit B**.

8

41. Following the reading of his signed statement, Chairman Shipley temporarily stepped down as Chairman in order to allow Vice-Chairman Goins to preside over the vote on the resolution censuring Shipley for his unconstitutional actions.

42. The vote to censure Chairman Shipley was unanimous with Shipley himself joining in the vote to censure. A copy of this resolution, as filed in the November 19, 2020 minutes of the HCLB, is attached hereto as **Exhibit C**.

43. On September 13, 2021, Plaintiffs Bullington, Greene, Holden, and Noe attended the HCLB committee meetings while each wore a piece of foam sewn or pinned on their shirts or worn on a ribbon around the neck containing this political message, a photographic depiction of which is attached hereto as **Exhibit D**:

SAVE $30 MILLION<br>
ONE-LEVEL JAIL<br>
RENOVATED JUSTICE CENTER

44. Plaintiff Greene was wearing a piece of foam with the above message on September 13, 2021, which was sewn to her shirt.

45. As Ms. Greene approached the lectern to address the finance committee during the public comments period, Chairman Shipley instructed Greene to remove what he called a "placard" before she would be allowed to speak and address the finance committee.

46. Ms. Greene refused, stating that she did not have a placard around her neck and that the message on her shirt was sewn to the shirt, making it impractical to remove.

47. Deputy Chad Mullins was asked to intervene, but he declined to do so.

48. Commissioner Goins asked Ms. Greene to remove the message or sit down. Ms. Greene declined.

49. Chairman Shipley then asked the commissioners to raise their hands if they agreed that Ms. Greene was wearing a "placard." Nine commissioners raised their hand indicating agreement with Chairman Shipley.

50. Per the Finance Committee minutes, there was a roll call vote of all commissioners and the vote was 9-4 "to refer to the County Attorney a request to file suit with any visitor wishing to address the committee that would not remove their placard." A copy of these minutes are attached hereto as **Exhibit E**.

51. Ms. Greene did not remove her "placard" and made her public comments.

## CAUSES OF ACTION

### CLAIM I
### FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983

52. Plaintiffs reallege and incorporate by reference all previous allegations.

53. The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people to peaceably assemble, and to petition the Government for a redress of grievances."

54. The First Amendment's guarantee of freedom of speech applies to the States through the Fourteenth Amendment. *Gitlow v. New York*, 268 U.S. 652 (1925).

55. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

10

proceeding for redress." At all times relevant to this action and with respect to all matter alleged herein, each of the Defendants was acting under color of state law.

56. The First Amendment prohibits government officials from "subjected an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). Any form of penalty for protected speech "is forbidden." *Surita v. Hyde*, 665 F.3d 860, 871 (7th Cir. 2011).

57. In order to prove retaliation for protected speech, a plaintiff must show that "1) the plaintiff engaged constitutionally protected speech; 2) the plaintiff was subjected to adverse action or was deprived of some benefit, and 3) the protected speech was a 'substantial' or a 'motivating factor' in the adverse action." *Brandenburg v. Housing Authority of Irvine*, 253 F.3d 891, 897 (6th Cir. 2001) (citations omitted); *see Nieves*, 139 S. Ct. at 1724.

58. The COAG shirts worn by Plaintiffs on October 22, 2020, were protected speech and Chairman Shipley deprived Plaintiffs of their First Amendment right to free speech when he used law enforcement to enforce his order that COAG shirts must be removed, turned inside-out, or covered up if a citizen wished to attend the open, public meeting of the County Commission on that date.

59. The pieces of foam worn on or attached to the shirts of Plaintiffs Bullington, Greene, Holden, and Noe on September 13, 2021, with a political message about the costs associated with the proposed construction of a jail in Hamblen County were unquestionably speech protected by the First Amendment.

60. While certain categories of speech are excluded from First Amendment protection – obscenity, defamation, true threats, inciting violence, etc. – none of those narrow exceptions

11

Case 3:21-cv-00395-JEM    Document 7    Filed 12/15/21    Page 11 of 14    PageID #: 32

apply to Plaintiffs' speech at either of the commission meetings at issue. *See United States v. Alvarez*, 567 U.S. 709, 717 (2012) (surveying exceptions to First Amendment speech).

61. Through their COAG shirts and pieces of foam depicting a political message, Plaintiffs sought to communicate and express their concerns about the cost and design of the proposed new jail to public officials and to the public at large.

62. Defendants' demands that Plaintiffs remove, cover up, or turn inside-out their COAG shirts on October 22, 2020, constitute adverse action that deprived Plaintiffs of their First Amendment rights.

63. Defendants' demands that Plaintiffs Bullington, Greene, Holden, and Noe remove their political message printed on foam on September 13, 2021, constitute adverse action that deprived those Plaintiffs of their First Amendment rights.

64. Defendants' vote to refer the wearing of placards by members of the public at HCLB meetings to the County Attorney to file suit against such persons injured Plaintiffs by restraining, preventing, and impairing Plaintiffs' lawful speech in a way likely to chill a person of ordinary firmness from propounding further lawful speech. That chill continues to this very day, as Plaintiffs face the threat of costly litigation being filed against them by Defendants for engaging in constitutionally protected speech, as expressly voted upon by Defendant HCLB.

65. Plaintiffs' protected speech as expressed on the COAG shirts on October 22, 2020 and by pieces of foam containing a political message on September 13, 2021 was, at the very least, a "motivating factor" behind the demands by Chairman Shipley for the removal or covering of the shirts and the removal of the "placards," it not the only motivating factor in Defendants' retaliatory conduct against Plaintiffs' First Amendment rights.

66. Defendants' adverse actions violated Plaintiffs' clearly established First and Fourteenth Amendment rights in light of clearly established law, including the Supreme Court's recognition that the threat of legal action is a prior restraint on speech. *See Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 66-67 (1963).

67. Defendants' actions violate the First and Fourteenth Amendments under 42 U.S.C. § 1983.

68. Defendants' actions were willful, egregious, and worthy of sanction to punish and deter Defendants and others from engaging in this type of unlawful conduct.

WHEREFORE, premises considered, Plaintiffs respectfully request that this Court:

1. Declare that Defendants' acts and conduct constitute violations of the First and Fourteenth Amendments to the United States Constitution, as well as of 42 U.S.C. § 1983;

2. Award Plaintiffs injunctive relief prohibiting any future adverse or restrictive action against Plaintiffs' constitutional right to free speech;

3. Award Plaintiffs nominal damages;

4. Award Plaintiffs their reasonable attorney's fees and all other costs of suit available under 42 U.S.C. § 1988; and

5. Award all other relief in law or equity, including injunctive relief, to which Plaintiffs are entitled and this Court deems equitable, just, or proper.

Respectfully submitted by electronic copy this the 15th day of December, 2021.

>*s/ T. Michael Craig-Grubbs*
>T. Michael Craig-Grubbs, Tenn. BPR No. 33255
>Finkelstein, Kern, Steinberg & Cunningham, P.C.
>1810 Ailor Ave.
>Knoxville, TN 37921
>(865) 525-0238
>mcraig-grubbs@fksclaw.com
>*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand deliver, fax, or e-mail on this the 15th day of December, 2021:

>Arthur F. Knight III, Esq.
>Taylor & Knight, P.C.
>800 South Gay Street, Suite 600
>Knoxville, Tennessee 37929
>(865) 971-1701
>aknight@taylorknightlaw.com

>/s/T. Michael Craig-Grubbs